```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA
```

UNITED STATES OF AMERICA                              CRIMINAL ACTION

V.                                                    NO. 12-01

WALTER PORTER ET AL.                                  SECTION "F"

## ORDER & REASONS

Before the Court is Walter Porter's motion to suppress certain evidence. For the following reasons, the motion is DENIED.

## Background

On June 19, 2014, a federal grand jury returned a third superseding indictment charging 13 defendants with 24 counts of federal crimes. The grave charges alleged in the indictment have been listed, summarized, and repeated throughout the procedural history of this case. This Order and Reasons assumes familiarity. This motion is brought by the alleged gunman of the criminal enterprise, Walter Porter.

Porter is charged in Counts 1, 3, 4, 10, 11, 12, 13, 14, 15, 16, 17, 18, 21, and 22 of the indictment. He is charged as a member of the RICO and gun conspiracies, for three counts of being a felon in possession of a firearm, and for using a firearm in a drug crime and crime of violence. He is also accused of obstructing justice. Most consequential, he is alleged to have participated in four separate murders in furtherance of the RICO conspiracy.

1

In this motion, Porter moves the Court to suppress evidence seized pursuant to the following search warrants: 1) a warrant issued on October 20, 2011 for a residence located at 4724 South Liberty Street in New Orleans; 2) a warrant issued on October 21, 2011 for a 2001 Oldsmobile vehicle;   3) a warrant issued on November 15, 2011 for computers and other electronic devices; and 4) a warrant issued on November 21 for a "G-Technology Brand, G-Drive."

Porter contends that the warrants were unconstitutionally broad because they allowed law enforcement officers to search his computers, electronic devices, and other documents in his vehicle and home that were unrelated to the charges against him. Porter submits that the officers obtained the warrants after developing Porter as a suspect in the murder of Curtis Matthews. Because the computers and electronic devices had no connection to the murder investigation, Porter contends that the officers had no probable cause under the Fourth Amendment to obtain a search warrant for those items.

Porter does not contest the validity of the search warrants as they pertain to evidence of weapons.[1] Indeed, Porter concedes

---

[1] Porter states, "While portions of these applications, such as those seeking weapons and weapons-related evidence, arguably meet the probable cause test under the Fourth Amendment, those listed herein wholly fail to meet the requirement of nexus with the offense under investigation and transform the warrant into the "general warrant" prohibited under the Fourth Amendment."

2

that "any representation by the government that it does not intend to introduce any item or computer-derived information at issue in this motion will moot any request for suppression as to that item or information."

In its opposition, the government submits that no items of evidentiary value came from the searches of Porter's computers or electronic devices. Further, the government concedes that it will not seek to introduce any evidence obtained from these items at trial. The government asserts that officers seized firearms that form the basis for two counts in the indictment; however, Porter does not challenge the officer's probable cause to obtain a search warrant for weapons. Accordingly, Porter's motion is largely moot.

The only items other than the (nonexistent) evidence obtained from the computers and electronic devices that Porter seeks to suppress are two white t-shirts and various unspecified documents and photos. These items were seized from Porter's residence and vehicle. The government does not specifically address whether it will seek to introduce these items as evidence at trial. Accordingly, the Court narrows its focus as to whether the t-shirts, documents, and photos were properly seized pursuant to the search warrants.

I.

"[V]alid warrants may be issued to search *any* property . . . at which there is probable cause to believe that fruits,

instrumentalities, or evidence of a crime will be found." Zurcher v. Stanford Daily, 436 U.S. 547, 554 (1978)(emphasis in original). An affidavit supporting a search warrant "must provide the magistrate with a substantial basis for determining the existence of probable cause." Illinois v. Gates, 462 U.S. 213, 239 (1983). "The task of the issuing magistrate is simply to make a practical, common-sense decisions whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. at 238. "[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis . . . for conclud[ing]' that probable cause existed." Id. at 238-39 (quoting Jones v. United States, 362 U.S. 257, 271 (1960)).

## II.

State police obtained search warrants for Porter's vehicle and residence after developing Porter as a suspect in the murder of Curtis Matthews. Matthews was shot at least ten times while standing outside of the Jazz Daiquiri Lounge on Claiborne Avenue in New Orleans. Detective Christopher Harris submitted affidavits with both warrant applications stating that Harris met with a known witness of the shooting who identified Porter as the shooter from a six-photo spread. This information clearly equipped Detective Harris with probable cause sufficient for a magistrate to issue a valid search warrant for Porter's residence and vehicle.

4

Relevant to the contested issues in this motion, the search warrant for Porter's residence included "all documents related to the purchase, sale and/or possession of any firearm; trace evidence including but not limited to blood evidence: white t-shirt, dark colored pants, and dark colored bandana." Likewise, the search warrant for Porter's vehicle included "all documents related to the purchase, sale and/or possession of any firearms; trace evidence including but not limited to hair, fibers, latent prints, cigarette butts, blood evidence, DNA swabs, as well as photographs of the location such items were concealed and recovered, and photographs of where the vehicle was processed."

These warrants clearly specified items related to the murder investigation. The return on the search warrant for Porter's residence lists "Two (2) White T-Shirts" and "Various documents and photographs." The return on the warrant for Porter's vehicle lists "Various papers and documents."  There is no evidence that officers seized any items not specified in the warrants. Nor is there any evidence that police seized any items unrelated to the Matthews murder investigation.

Accordingly, Walter Porter's motion to suppress evidence is DENIED.

New Orleans, Louisiana, February 26, 2016

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE